UNPUBLISHED

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

REBECCA B. SHUMAKER,
            *Plaintiff-Appellant,*

v.

TOGO D. WEST, in his capacity as
Secretary of the Department of
Veterans Affairs, a United States
Government Agency,
            *Defendant-Appellee.*

No. 01-1343

Appeal from the United States District Court
for the Southern District of West Virginia, at Bluefield.
David A. Faber, District Judge.
(CA-99-1067-1)

Submitted: September 28, 2001

Decided: October 17, 2001

Before WILKINS, TRAXLER, and GREGORY, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

## COUNSEL

Debra A. Kilgore, BURTON & KILGORE, Princeton, West Virginia,
for Appellant. Charles T. Miller, United States Attorney, Kelly R.
Curry, Assistant United States Attorney, Charleston, West Virginia,
for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

## OPINION

PER CURIAM:

Rebecca B. Shumaker appeals from the district court's order finding for Shumaker's former employer in her action alleging that she was terminated in violation of the Rehabilitation Act. In accordance with the jury's finding, the court entered judgment against Shumaker. On appeal, Shumaker raises two issues. For the reasons that follow, we affirm.

First, Shumaker alleges that the court improperly instructed the jury regarding what she must prove to prevail in her claim under the Rehabilitation Act. We find that the court's instruction was accurate and did not mislead or confuse the jury. *See Hardin v. Ski Venture, Inc.*, 50 F.3d 1291, 1293-94 (4th Cir. 1995) (stating standard for jury instruction); *Jones v. American Postal Workers Union*, 192 F.3d 417, 429 (4th Cir. 1999) (holding that there is no violation of federal anti-handicap law where an employee is discharged for misconduct, even if misconduct is related to disability).

Second, Shumaker objects to the court's evidentiary rulings related to Sammie Heflin's testimony. We do not find that the court abused its discretion in limiting the use of leading questions on Heflin's direct testimony. *See* Fed. R. Evid. 611; *United States v. Bostian*, 59 F.3d 474, 480 (4th Cir. 1995) (stating standard of review for evidentiary rulings generally). Neither do we find that the court abused its discretion in denying Shumaker's motions to strike portions of Heflin's testimony. *See United States v. Gravely*, 840 F.2d 1156, 1163 (4th Cir. 1988) (noting that trial courts are "vested with broad discretion to control the mode of interrogation and presentation of evidence to insure that witnesses are treated fairly and the search for truth is not impaired by presentation of extraneous, prejudicial or confusing material").

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*